JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES - GENERAL

| Case No. | CV 13-01082 MMM (Shx) | Date | March 14, 2013 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Carlos Perez et al.* |
|---|---|

Present: The Honorable  **MARGARET M. MORROW**

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

Plaintiff Federal National Mortgage Association ("FNMA") filed this unlawful detainer action in Los Angeles Superior Court against defendants Carlos Perez, Grisha M. Alvarado, and certain fictitious defendants on December 3, 2012.[1]  Defendants Perez and Alvarado are allegedly holdover occupants of real property located in Pomona, California ("the property").[2]  Defendants or their predecessors in interest allegedly defaulted under the terms of a deed of trust that was secured by the property.[3]  The property was allegedly sold under the power of sale contained in the deed of trust, and the sale was allegedly conducted in compliance with

---

[1] Notice of Removal, Docket No. 1 (Feb. 14, 2013), Exh. 1 ("Complaint").

[2] *Id.*, ¶¶ 1, 4, 5.

[3] *Id.*, ¶ 9.

1

California Civil Code § 2924.[4] FNMA allegedly purchased the property. A trustee's deed upon sale was thereafter recorded in the Los Angeles County Recorder's Office, perfecting FNMA's title to the property.[5]

On or about November 6, 2012, FNMA served a written notice to quit and deliver possession of the property on defendants pursuant to California Code of Civil Procedure § 1161(a).[6] It alleges that defendants have failed to deliver possession and remain at the property.[7]

FNMA seeks restitution of the property, damages in an amount to be determined, calculated at a daily rate to be proved at trial, from November 28, 2012 until the date judgment is entered, and costs of suit.[8] Perez filed a notice of removal on February 14, 2013 invoking several bases for jurisdiction.[9]

## II.  DISCUSSION

### A.   Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time

---

[4]*Id.*, ¶¶ 10-11.

[5]*Id.* ¶ 11.

[6]*Id.*, ¶¶ 12-13.

[7]*Id.*, ¶¶ 13, 14.

[8]*Id.* at 4.

[9]Notice of Removal at 4, 7-10.

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Los Angeles Superior Court.

      **B.**      **Federal Question Jurisdiction**

            **1.**      **Legal Standard for Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not

present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [removal] statute [on federal question grounds], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of FNMA's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Perez asserts the court has federal question jurisdiction "pursuant to (1) Sections 101 and 109 of the Emergency Economic [S]tabilization [A]ct of 2008 ["ESSA"] as amended by 7002 of the American Recovery and [R]einvestment [A]ct of 2009 ["ARRA"]; and (2) Sections 20(d)(1) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d)(1) & 77v(a), and Sections 21(d)(3)(A), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d)(3)(A), 78(u)(e) and 78aa

and 28 U.S.C. §§ 1332, 1334, 1441, 1443 and 1446."[10] He also references, *inter alia*, the Uniform Commercial Code,[11] the Fair Debt Collection Practices Act ("FDCPA"),[12] 42 U.S.C. §§ 1981-83, and 18 U.S.C. § 4 (misprision of felony). The court discusses below the fact that it lacks jurisdiction under 28 U.S.C § 1332 (diversity of citizenship), § 1334 (bankruptcy cases and proceedings), and § 1443 (the civil rights removal statute). With respect to the remaining statutes cited by Perez, e.g., the securities fraud statutes, the FDCPA, the civil rights statutes, the ESSA and the ARRA, they are neither expressly nor implicitly raised in plaintiff's complaint, and defenses and potential counterclaims will not support federal question jurisdiction. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392; see also *Mottley*, 211 U.S. at 152. A plaintiff is not required to anticipate defenses in setting forth the elements of its claim. *Rivet*, 522 U.S. at 475. See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Because FNMA's complaint does not present a federal question, either on its face or as artfully pled, this court does not have jurisdiction under 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, must be determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled by plaintiff. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). FNMA expressly alleges that the amount in controversy does not exceed $10,000.[13] Perez makes no effort to argue that the amount in controversy is higher than the $10,000 set forth in the complaint, although he does cite the purported value of the property.[14] In an unlawful detainer action, however, the appropriate

---

[10]*Id.* at 4.

[11]*Id.* at 14.

[12]*Id.* at 12.

[13]Complaint at 1.

[14]Notice of Removal at 12.

measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Consequently, Perez has failed to demonstrate a legal certainty that the amount in controversy requirement met, and the court lacks diversity jurisdiction over the action.

## D.   Bankruptcy Cases and Proceedings.

Perez also contends that the court has jurisdiction under 28 U.S.C. § 1334.[15]   It is

---

[15]*Id.* at 2-3.  Section 1334 provides:
"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

unclear whether Perez asserts (1) that the action raises a federal question because of § 1334, or (2) that it is directly covered by § 1334's jurisdictional grant. Under either interpretation, however, Perez fails to demonstrate that the court has jurisdiction. This is an unlawful detainer action, not a bankruptcy proceeding. Perez does not allege that there is a Title 11 case pending, or that there is a bankruptcy issue that is relevant to this case. He merely asserts that he is entitled to remove the action "withing the meaning of 28 U.S.C. § 1334(b)," and quotes § 1334 in its entirety.[16] "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Perez has not satisfied his burden of showing that the action falls within the court's § 1334 jurisdiction over bankruptcy proceedings.

### E. Civil Rights Removal

Defendant next contends that removal is proper under 28 U.S.C. § 1443(1), which permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . . ."[17] A petition for removal based on § 1443(1) must satisfy a two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). See also *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th

---

(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –
(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327."

[16]*Id.* at 2-4.

[17]*Id.* at 4.

Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*.

Even construing Perez's notice of removal liberally, it does not satisfy the *Greenwood* test. 384 U.S. 808, 824–28 (1966). First, Perez fails to identify a right given to him "by explicit statutory enactment protecting equal racial civil rights." *Sandoval*, 434 F.2d at 636. He asserts that "under California Civil Code 2924 he is denied or cannot enforce his equal rights to contract for and secure real property in the Superior Courts . . . [because § 2924] specifically violates the equal protection of the laws and equal access to the courts and to due process of law. . . ."[18] Civil Code § 2924, however, (1) creates no federal right and (2) is not a statute enacted to "protect equal racial civil rights." It is a state rule governing mortgages, power of sale, requirements prior to sale, trustee liability, and similar issues relating to obligations and rights arising from property transactions. For this reason alone, defendant's removal of this action under § 1443(1) is improper. *Sandoval*, 434 F.2d at 636.

Defendant also fails to satisfy the second requirement of the *Greenwood* test. Even if the court interpreted defendant's notice of removal as invoking his right to equal protection under the United States Constitution, defendant fails to demonstrate that California state courts will not enforce that right. He does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution. Rather, defendant alleges in a vague and conclusory manner that California Civil Code § 2924 denies him equal protection of the laws through "irrebuttable presumptions in favor of foreclosure,"[19] and that he cannot enforce his equal protection rights in the state court.[20] This is not sufficient to support removal under § 1443(1). See *Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012) (finding no basis for removal under § 14431(a) because defendants did "not identify any California state law or California constitutional provision that denied them the opportunity to raise their civil rights in the California courts," but instead argued that "unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights

---

[18]*Id*. at 15.

[19]*Id*. at 16.

[20]*Id*.

in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, defendant has failed to carry his burden of establishing that the court has subject matter jurisdiction to hear the action. As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.